UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATONYA DUNBAR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2649 NAB |
| MONICA JOHNSON and HILTON HOTEL, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the file after Plaintiff's filing of her response to the Court's Order to Show Cause.[1]

**Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for retaliation. Plaintiff alleges that her supervisor Monica Johnson subjected her to unwarranted disciplinary actions and scrutinized her work. Plaintiff complained to her employer about this harassment. In retaliation for her complaint, in December 2016, Plaintiff alleges Ms. Johnson withheld Plaintiff's pay raise. She states that she has not been given a pay raise, and her employer has never addressed her complaints. Plaintiff states Ms. Johnson has reduced Plaintiff's work hours and changed her duties in retaliation for her complaining to her employer.

---

1 On November 15, 2017, the Court granted Plaintiff's motion to proceed in forma pauperis and ordered plaintiff to file a copy of her EEOC right-to-sue letter. (Doc. No. 9). On November 22, 2017, Plaintiff filed her right-to-sue letter.

(1)

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Discussion**

Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of race, color, religion, sex, or national origin. *See Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999). To establish a prima facie case for retaliation, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Lockridge v. HBE Corp.*, 543 F. Supp. 2d 1048, 1060 (E.D. Mo. 2008). "Title VII prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an

investigation under Title VII." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002) (finding no protected activity where plaintiff complained she was entitled to a pay raise, but did not attribute employer's failure to give her a raise to discrimination). "[N]ot every complaint about conditions in the workplace, legitimate or otherwise, constitutes a protected activity; retaliation in response to an activity that is not protected does not support a retaliation claim." *Lockridge*, 543 F. Supp. 2d at 1060.

Liberally construing Plaintiff's allegations, the Court cannot find Plaintiff has stated a prima facie case of retaliation against her employer because she has not alleged that she engaged in a protected activity. Plaintiff states she was harassed by her supervisor and subject to disparate treatment. She complained to her employer, and she was denied a raise. Plaintiff has not alleged, however, that she complained to her employer about harassment or discrimination *based on* race, religion, national origin, color, gender, disability, age, or any other factor. A complaint to her employer about discrimination based on one of these factors would constitute a protected activity. Here, Plaintiff has not alleged her race, religion, national origin, color, gender, disability, or age. The Court has no facts from which it could draw any inference that Plaintiff engaged in any activity protected under Title VII and was retaliated against. Although Plaintiff's complaints may be legitimate and her working conditions may be unacceptable, she has not alleged she was retaliated against for engaging in statutorily protected activity.

Additionally, Title VII provides a remedy only against an employer. The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690,

691-92 (8th Cir. 1997)); *see also Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, Plaintiff's claims against her supervisor, Monica Johnson, as an individual, fail to state a claim upon which relief can be granted and are subject to dismissal.

Because Plaintiff's claims are serious in nature, the Court will provide Plaintiff an opportunity to amend her allegations. Accordingly, Plaintiff will be required to file an amended complaint, on a court form, containing all of the allegations she wishes to bring against Defendants. Plaintiff shall have twenty-one (21) days from the date of this Order to file her amended complaint. Plaintiff is warned that the filing of the amended complaint *completely replaces* the original and any supplemental complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file her amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide to Plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 14th day of December, 2017.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
_____DIVISION

_____ )
                                   )
**NAME OF THE PLAINTIFF**          )
                                   )
           - vs -                  )
                                   )
_____ )   Case No.
                                   )
_____ )
                                   )
_____ )   JURY TRIAL DEMANDED
                                   )
_____ )   YES___    NO___
**NAME OF THE DEFENDANT OR**       )
**DEFENDANTS** (Enter above the full name(s) of  )
ALL defendant(s) in this lawsuit. Please         )
attach additional sheets if necessary.           )

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This employment discrimination lawsuit is based on (check only those that apply):

____ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin.
**NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

____ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age (age 40 or older).
**NOTE**: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

____ American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of disability.
**NOTE**: *In order to bring suit in federal district court under the American with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

____ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.
**NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office representative or agency*.

____ Other (Describe)
_____

_____

_____

## **PARTIES**

2. Plaintiff's name: _____

   Plaintiff's address: _____
   Street address or P.O. Box

   _____
   City/ County/ State/Zip Code

   _____
   Area code and telephone number

3. Defendant's name: _____

   Defendant's address: _____
   Street address or P.O. Box

   _____
   City/County/State/ Zip Code

   _____
   Area code and telephone number

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES, ADDRESSES AND TELEPHONE NUMBERS ON A SEPARATE SHEET OF PAPER.**

4. If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

_____
(Street Address)                (City/County)                (State)   (Zip Code)

5. When did the discrimination occur? Please give the date or time period:

_____

**ADMINISTRATIVE PROCEDURES**

6. Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights?

_____Yes    Date filed: _____

_____ No

7. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

_____Yes    Date filed: _____

_____No

8. Have you received a Notice of Right-to-Sue Letter?

_____Yes                              _____ No

If yes, please attach a copy of the letter to this complaint.

9. If you are claiming age discrimination, check one of the following:

_____ 60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

_____ fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

.                    **NATURE OF THE CASE**

10. The conduct complained of in this lawsuit involves (check only those that apply):

    ____ failure to hire me

    ____ termination of my employment

    ____ failure to promote me

    ____ failure to accommodate my disability

    ____ terms and conditions of my employment differ from those of similar employees

    ____ retaliation

    ____ harassment

    ____ other conduct (specify): _____

_____

_____

_____

Did you complain about this same conduct in your charge of discrimination?

_____Yes                    _____ No

11. I believe that I was discriminated against because of my (check all that apply):

   ____ race

   ____ religion

   ____ national origin

   ____ color

   ____ gender

   ____ disability

   ____ age (my birth date is: _____)

   ____ other: _____

   _____

   Did you state the same reason(s) in your charge of discrimination?

   _____ Yes              _____ No

12. State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach additional sheets as necessary).

13. The acts set forth in paragraph 12 of this complaint:

　　　_____ are still being committed by the defendant.

　　　_____ are no longer being committed by the defendant.

　　　_____ may still be being committed by the defendant.

## **REQUEST FOR RELIEF**

State briefly and exactly what you want the Court to do for you.  Make no legal arguments; cite no cases or statutes.

_____

_____

_____

_____

Signed this _____ day of _____, 20____.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Signature of Plaintiff