UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA DUNBAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2649 NAB |
| | ) | |
| MONICA JOHNSON and HILTON HOTEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file after plaintiff's filing of an amended complaint. For the following reasons, the Court will allow plaintiff to file a second amended complaint to allege with specificity the protected activity in which she engaged and for which she was unlawfully retaliated against under Title VII.

### Background

On December 14, 2017, the Court conducted an initial review of plaintiff's complaint under 28 U.S.C. § 1915(e). The Court found that plaintiff had not alleged a prima facie case of retaliation against her employer under Title VII because she had not alleged that she engaged in statutorily protected activity. Plaintiff did not allege her race, religion, national origin, color, gender, disability or age, and the Court had no facts from which it could draw any inference that plaintiff engaged in any activity protected under Title VII and was retaliated against. *See* ECF No. 11 at 3. Because plaintiff was proceeding pro se, the Court provided her an opportunity to amend her allegations to allege she was retaliated against for engaging in a statutorily protected activity. *Id.*

(1)

## Discussion

On January 2, 2018, plaintiff filed her amended complaint. Again, she brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, for retaliation. As to why she believes she was discriminated against, she checked the box on the form complaint marked "other," but did not elaborate. She did not check the box for race, religion, national origin, color, gender, disability, or age.

In her statement of the claim, plaintiff states that she filed an Informal Resolution Request ("IRR") against her supervisor at Hilton Hotel, Ms. Monica Johnson. Ever since plaintiff filed this IRR, she states she has been subject to a series of abuses, including having to perform other employees' duties, her hours have been reduced, she has been denied a raise, and Ms. Johnson caused a confrontation with plaintiff, a friend, and three other employees. Plaintiff states Ms. Johnson wrote plaintiff a written violation for failing to perform her duties, which was later dismissed. Plaintiff states that she feels "abused, discriminated against, verbally abused, harassed, and intimidated."

As the Court stated in its Order dated December 14, 2017, plaintiff has not alleged that she was retaliated against because she engaged in a protected activity. "Title VII prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002) (finding plaintiff "failed to present sufficient evidence that she opposed an *unlawful* employment practice prior to her termination") (emphasis in original).

Here, plaintiff states she was retaliated against for filing an IRR. The Court has no information, however, regarding the substance of plaintiff's IRR. If plaintiff's IRR opposed an employment action made unlawful by Title VII, her employer would be prohibited from retaliating against her for filing the IRR. *See Hunt*, 282 F.3d at 1028-29. For example, if plaintiff's IRR stated that Ms. Johnson was discriminating against plaintiff based on her race, the filing of the IRR would be a protected activity under Title VII. In this example, it would be unlawful under Title VII to retaliate against plaintiff for filing this IRR.

If, however, plaintiff stated in her IRR that Ms. Johnson was nit-picking her work and assigning her extra duties, the filing of the IRR would not necessarily be a protected activity under Title VII. In this example, plaintiff would simply be complaining about her supervisor's conduct, not any discriminatory or unlawful conduct. Again, although plaintiff's working conditions may be unacceptable, she has not alleged she was retaliated against for engaging in statutorily protected activity.

Because plaintiff's claims are serious in nature, the Court will provide plaintiff another opportunity to amend her allegations. Accordingly, plaintiff will be required to file a second amended complaint, on a court form. To bring a claim for retaliation under Title VII, plaintiff shall state with specificity the protected activity she engaged in, and for which she was retaliated against. If plaintiff alleges the filing of the IRR was her protected activity, she must state with specificity what she complained about in the IRR.

Plaintiff shall have fourteen (14) days from the date of this Order to file her amended complaint. Plaintiff is warned that the filing of the amended complaint *completely replaces* the original and any supplemental complaints, and claims that are not re-alleged are deemed

abandoned. *E.g., In re Wireless Tele. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file her amended complaint within fourteen (14) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, no later than fourteen (14) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of February, 2018.